**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**RUBBY JAMES GRAY**                                                                                    **PLAINTIFF**

V.                                        CASE NO. 3:16-CV-00015-BRW-BD

**JASON HALL, et al.**                                                                                **DEFENDANTS**

## ORDER

Plaintiff Rubby James Gray, an inmate at the Craighead County Detention Facility, filed this case *pro se* under 42 U.S.C. § 1983.  (Docket entry #1)  Because he has now provided the documentation required by 28 U.S.C. Section 1915(a), his request to proceed *in forma pauperis* (#7) is GRANTED.

Based on the allegations in the complaint, service is now proper.  The Clerk of Court is directed to prepare summonses for Defendants Hall, Moyer, Harris, and Bentley.  The United States Marshal is directed to serve copies of the complaint, with any attachments (docket entry #1), and a summons for each Defendant, without requiring prepayment of fees and costs or security.  Service for these Defendants should be through the Craighead County Detention Facility, 901 Willett Road, Jonesboro, Arkansas 72401.

Mr. Gray has notified the Court that he will be released on February 25, 2016, and has provided the Court his new address.  (#8)  Therefore, the Clerk of the Court is directed to update Mr. Gray's address to 714 West Matthews Boulevard, Apartment #E, Jonesboro, Arkansas 72401.

Mr. Gray has moved to amend his complaint to include incidents that occurred after he filed his original complaint. (#8) That motion (#8) is DENIED for two reasons. First, the claims included in Mr. Gray's motion are completely unrelated to those raised in his original complaint. Second, Mr. Gray is required to fully exhaust his administrative remedies before he can include claims in a lawsuit brought under 42 U.S.C. § 1983. Mr. Gray could not have fully exhausted the new claims before filing this lawsuit; allowing him to amend his complaint to include those claims would be futile. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003)(inmate must exhaust all available administrative remedies before filing suit; otherwise, dismissal is mandatory).

IT IS SO ORDERED, this 24th day of February, 2016.

_____
UNITED STATES MAGISTRATE JUDGE